**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OSM MEDIA, LLC, d/b/a<br>PAJAMAS MEDIA AND PJTV,<br>100 North Sepulveda Blvd., Suite 225<br>El Segundo, CA   90245,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1600 Defense Pentagon<br>Washington, DC   20301-1600,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT

Plaintiff OSM Media, LLC, d/b/a Pajamas Media and PJTV, brings this action against

Defendant U.S. Department of Defense to compel compliance with the Freedom of Information

Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.　　　The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 1331.

2.　　　Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.　　　Plaintiff OSM Media, LLC is a Delaware limited liability company headquartered

and qualified to do business in California.   Plaintiff does business under the name Pajamas Media

and PJTV.   Plaintiff is an Internet-based news organization and a "representative of the news

media" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii).

4.      Defendant is an agency of the United States Government and is headquartered at

1600 Defense Pentagon, Washington, DC   20301-1600.   Defendant has possession, custody, and

control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On December 23, 2009, Plaintiff sent a FOIA request to the U.S. Air Force, a

component of Defendant, seeking:

> All releasable documents relating to the costs expended by the 89th Airlift Wing of
> the United States Air Force fleet for the transportation of all United States
> Government officials, including elected officials to Copenhagen, Denmark for the
> United Nations Climate Change Conference in December 2009.

6.      By E-mail dated December 23, 2009, the U.S. Air Force acknowledged receipt of

Plaintiff's FOIA request.

7.      On February 5, 2010, the U.S. Air Force sought clarification of Plaintiff's FOIA

request.   On the same day, Plaintiff clarified:

> We are requesting reasonable records that would be created and maintained by any
> air transportation entity regarding the ferrying of people and baggage.   This
> request is restricted to the United States Air Force transportation of USG officials,
> congressional elected officials, staff, families and guests who traveled to and from
> the United Nations Climate Change Conference in Copenhagen.
>
> To clarify, we are interested in:
>
> - Manifests listing the number of passengers that were on board each USAF
>   flight from the United States to the U.N. Climate Change Conference in
>   Copenhagen via each U.S. military aircraft.
> - Manifests listing the number of passengers that were on board each USAF
>   flight from points outside the United States to the U.N. Climate Change
>   Conference via each U.S. military aircraft.
> - The number of USG officials and elected officials on each flight and the
>   number of non-governmental passengers on each flight.   Governmental
>   and congressional staffs are to be identified.
> - We consider Air Force One to be included in this request.   Security details
>   and national security aspects of this flight can be exempted.

- The identification of USG officials and elected officials including names, titles and agency or congressional affiliation should be disclosed. Congressional staff and guests are is to be disclosed.
- As they are travelling at taxpayer expense, we request the disclosure of the names and relationships of each non-USG passenger on each flight. We believe Privacy Act exemptions do to apply to this request.
- The number of baggage stored in each USAF craft for each trip. This can be attached to each flight manifest. We are not interested in personal carry-on bags.
- The number of total number of USAF flights deployed to ferry USG and non-governmental passengers to and from the U.N. Climate Change Conference in Copenhagen. Origin and destinations of each flight should be listed. The type of aircraft for each flight should be identified.
- The costs of each flight deployed to and from Copenhagen. This can be reported per flight leg.
- The amount of jet fuel consumed by the deployed aircraft for each flight. This can be reported per flight leg or per round trip.
- The type of aircraft used by each flight.
- The number of USAF personnel involved in support of the entire operation to transport USG officials, elected officials, staff, guests and families to and from Copenhagen. This includes pilots, stewards, navigators, ground service personnel, etc.

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to respond to

Plaintiff's FOIA request within twenty (20) working days of February 5, 2010 or by March 8,

2010.

9.      On June 28, 2010, the U.S. Air Force notified Plaintiff that it had referred the

portion of Plaintiff's FOIA request concerning the flight manifests to the Office of the Secretary,

another component of Defendant.

10.      On May 17, 2011, the Office of Secretary responded to Plaintiff's FOIA Request.

The Office of the Secretary produced four pages of almost entirely redacted material and informed

Plaintiff that it had referred the withheld material to the U.S. Secret Service.

11.      Moreover, in its May 17, 2011 letter, the Office of the Secretary stated:

This is in final response to your February 5, 2010, (sic) Freedom of Information Act (FOIA) request to the United States Air Force (USAF), referred to this office on

June 28, 2010 for information regarding USAF supported flights to the
Copenhagen climate change meeting.   The USAF referred only the manifest
portion of your request to this office.   Please be advised that the USAF is still
processing additional documents associated with the remainder of your request.

12.    The Office of the Secretary's May 17, 2011 letter failed to notify Plaintiff of any

right to file an administrative appeal with respect to the withheld material responsive to Plaintiff's

FOIA request.

13.    As of the date of this Complaint, the Air Force has failed to produce any records

responsive to the remainder of Plaintiff's FOIA request or demonstrate that responsive records are

exempt from production.   Nor has it indicated whether or when any additional responsive records

will be produced or identified.   In short, the Air Force has failed to respond to the remainder of

Plaintiff's FOIA request in any substantive manner.

14.    Because the Office of the Secretary has failed to notify Plaintiff of any right to file

an administrative appeal with respect to its May 17, 2011 determination and the Air Force has

Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) with

respect to the remainder of Plaintiff's FOIA request, Plaintiff is deemed to have exhausted any and

all administrative remedies with respect to its FOIA request.   5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

15.    Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16.    Defendant is unlawfully withholding records requested by Plaintiff pursuant to

5 U.S.C. § 552.

17.    Plaintiff is being irreparably harmed by reason of Defendant's unlawful

withholding of requested records, and Plaintiff will continue to be irreparably harmed unless

Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 21, 2011

Respectfully submitted,

JUDICIAL WATCH, INC.

Michael Bekesha
D.C. Bar No. 995749

Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC   20024
(202) 646-5172

*Attorneys for Plaintiff*